```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

DR. NEELAM UPPAL,

    Plaintiff,

vs.                              CASE NO.: 8:09-cv-634-T-33TBM

HOSPITAL CORPORATION
OF AMERICA, d/b/a HCA, INC.;
EDWARD WHITE HOSPITAL;
LARGO MEDICAL CENTER;
NORTHSIDE HOSPITAL & TAMPA
BAY HEART INSTITUTE; and
PALMS OF PASADENA,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendants Edward White Hospital, Largo Medical Center, and Northside Hospital's Motion to Dismiss Amended Complaint (Doc. # 25), Defendant Hospital Corporation of America, Inc.'s ("HCA") Motion to Dismiss Amended Complaint (Doc. # 26), and Defendant Palms of Pasadena's Motion to Dismiss Amended Complaint (Doc. # 29). Plaintiff filed an Opposition thereto (Doc. # 32).

Plaintiff's original Complaint was filed on April 6, 2009. (Doc. # 1). In response to that Complaint, Defendants Edward White Hospital, Largo Medical Center, and Northside Hospital filed a Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. # 14). Defendant

Palms of Pasadena filed a Motion to Dismiss for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure and for Failure to State a Claim Upon Which Relief May Be Granted (Doc. # 13). Plaintiff filed a Motion For Leave to File an Amended Complaint and in Opposition to Defendants Motion to Dismiss (Doc. # 18), and the Court granted leave to amend (Doc. # 21). Plaintiff filed her Amended Complaint (Doc. # 23), and Defendants filed the instant motions to dismiss. For the reasons that follow, the Court finds that the motions are due to be **GRANTED** to the extent discussed herein.

I.   <u>Factual Background and Procedural History</u>

This matter stems from a discrimination lawsuit filed by Dr. Neelam Uppal against four hospitals and the parent company of three of the hospitals, HCA. The Amended Complaint contains the following six counts: (1) federal law claim for hostile work environment; (2) federal law claim for retaliation; (3) federal law claim for discrimination based on gender, race, and national origin; (4) state law claim for discrimination based on gender, race, and national origin; (5) tortious interference with a business contract; and (6) defamation. (Doc. # 23 at p. 14-19).

Plaintiff is a physician and resident of Pinellas County, Florida. According to her Amended Complaint, she was

2

"employed as an attending physician and was given privileges to admit and treat patients at Defendants HCA, Inc., Edward White Hospital, Largo Medical Center, Palms of Pasadena, and Northside Hospital." (Doc. # 23 at p. 3). Although not a model of clarity, it appears that Plaintiff alleges that she was sexually harassed by Dr. Steele of Largo Medical Center, and that, as a result of her protest, she was subsequently brought before the review committees of each hospital and subjected to various disciplinary actions that ultimately led to her termination or revocation of privileges. Plaintiff maintains that in addition to subjecting her to discrimination, Defendants have defamed her, interfered with her different business contracts, and engaged in illegal retaliation against her.

## II. Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint

3

and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

"Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief." Washington v. Bauer, 149 Fed. App'x 867, 869 (11th Cir. 2005). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (citing Fed.

4

R. Civ. P. 8(a)(2)).  In addition, "Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances... [and] [e]ach claim found upon a separate transaction or occurrence...shall be stated in a separate count.'"  <u>Bauer</u>, 149 Fed. App'x at 869 (quoting Fed.R.Civ.P. 10(b)).  "These rules, working together, require a plaintiff 'to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading' and allow the court to determine which facts supported which claims and whether the plaintiff had stated any claims upon which relief can be granted." <u>Id.</u> at 869-70 (quoting <u>Fikes v. City of Daphne</u>, 79 F.3d 1079, 1082 (11th Cir. 1996)).

**III. <u>Analysis</u>**

   **A. Federal Law Claims**

Counts I, II and III of Plaintiff's Amended Complaint allege federal law claims for hostile work environment, retaliation and discrimination, respectively.  In general, Defendants' motions to dismiss only move to dismiss these counts for their pleading deficiencies and not for failure to

5

state a claim.

All the Defendants argue that Plaintiff's Amended Complaint violates Rules 8(a) and 10(b), Fed. R. Civ. P. Defendants complain that Plaintiff's Amended Complaint includes a facts section separated out by Defendant followed by six counts with each count being alleged as to all Defendants; the counts do not incorporate any of the preceding factual allegations by reference; and there is no indication of which initial factual allegations are intended to support which cause of action, or against which Defendant.

The Court finds that the factual section of Plaintiff's Amended Complaint is not connected to the otherwise generally pled counts in any meaningful way. See Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273 (11th Cir. 2006); Durham v. Whitney Info. Network, Inc., No. 2:06-CV-687-UA-DNF, 2008 WL 4936999 (M.D. Fla. Nov. 17, 2008)(finding that the complaint failed to sufficiently connect the elements of the claims to the 196 paragraphs of facts preceding them). The Eleventh Circuit has repeatedly held that such shotgun pleadings are unacceptable. Wagner, 464 F.3d at 1279. Accordingly, the Court finds that Defendants' motions to dismiss are due to be granted, pursuant to Rules 8(a) and 10(b) as to Counts I, II and III with leave to amend.

As an additional basis for dismissal, Defendant Palms of Pasadena argues that Plaintiff did not allege facts showing that she was an employee of Palms of Pasadena and, thus, did not allege facts sufficient to show a basis for holding Palms of Pasadena liable as to Counts I, II and III.

Plaintiff responds that a reasonable jury could find that she was an employee of Palms of Pasadena due to the fact that she alleges that she signed a contract with the hospital in order to be given privileges. Plaintiff also emphasizes the fact that she was required to be on call and treat patients from Palms of Pasadena's emergency room on a rotational basis. Further, Plaintiff argues that a determination of employment status for doctors who have privileges at a given hospital requires a case by case factual inquiry, and Plaintiff asserts that a dismissal at this stage would be inappropriate.

This Court agrees that a determination of a doctor's employment status in cases such as this must be made after a case specific factual inquiry. See Diggs v. Harris Hosp.-Methodist, Inc., 847 F.2d 270, 272-73 (5th Cir. 1988). Accordingly, the determination of whether Palms of Pasadena was in fact Plaintiff's employer is better suited for summary judgment. Palms of Pasadena's motion to dismiss is denied as

7

to this basis.

**B. State Law Claims**

Plaintiff has also asserted a state law discrimination claim under the Florida Civil Rights Act, Fla. Stat. § 760 et. seq., as well as state law claims for tortious interference with a business contract and for defamation; Counts IV, V and VI, respectively. Defendants Edward White Hospital, Largo Medical Center, Northside Hospital, and HCA argue that these state law claims, in addition to suffering the pleading deficiencies discussed above, are barred due to the immunity granted to hospitals' peer review processes under Florida Statutes §§ 395.0191(7-8), 395.0193(5), and 766.10 and are due to be dismissed with prejudice.

The statutes cited by Defendants declare that for matters arising out of a hospital's peer review process,

> There shall be no monetary liability on the part of, and no cause of action for injunctive relief or damages shall arise against, any licensed facility, its governing board or governing board members, medical staff, or disciplinary board or against its agents, investigators, witnesses, or employees, or against any other person....

Fla. Stat. § 395.0191(7).

Plaintiff seems to argue that her state law claims are not solely based on the actions of a peer review board and therefore are not barred. Although claims that do not

8

implicate the peer review process on their face are not barred by the immunity statutes at this stage in the proceedings, <u>Cedars Healthcare Group, Ltd. v. Mehta</u>, 16 So. 3d 914, 917-18 (Fla. 3d DCA 2009), that is not the case with Plaintiff's state law claims. All of Plaintiff's state law claims clearly implicate the peer review process on their face.

Further, a plaintiff may overcome the peer immunity statutes by pleading extrinsic evidence of intentional fraud. <u>Dhaduvai v. Belsito</u>, 663 So. 2d 1356, 1357 (Fla. 2d DCA 1995). Plaintiff does allege as to Defendant Largo Medical Center that "the executive committee, chaired by Dr. Fineman, committed intentional fraud because they knowingly relied on fraudulent documents." Amended Compl., Doc. # 23, ¶ 25. This allegation, however, fails to comply with Rule 9(b), which requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Finally, Plaintiff otherwise only seems to argue that her state law claim for discrimination, Count IV, should not be dismissed, and, as support, she cites to case law that holds federal discrimination claims are not barred by the

9

federal peer review statute.[1] The cases cited by Plaintiff, however, are inapposite as to this argument and simply hold that the federal peer review statute does not bar federal discrimination claims.

The Court finds that Counts IV, V and VI are due to be dismissed based on the statutory immunity afforded the peer review and credentialing functions of the Defendant hospitals.[2] To the extent Plaintiff can plead extrinsic evidence of intentional fraud, Plaintiff may attempt to re-allege the allegations in ¶ 25 of the Amended Complaint. The Court notes that, due to the pleading deficiencies of Plaintiff's Amended Complaint, it is unsure as to which count this allegation is directed and notes that the allegation may be unrelated to any of the state law claims.

## IV. Conclusion

Based on the forgoing analysis, the Court finds that Plaintiff has failed, pursuant to Rules 8(a) and 10(b), Fed.

---

[1] In contrast to Florida's peer review immunity statute, which does not allow an exception for state law discrimination claims, the federal peer review statute, expressly contains an exception for federal discrimination claims. See 42 U.S.C. § 11111(a)(1).

[2] To the extent that Counts I through III cite to and rely on the Florida Civil Rights Act, they too are dismissed with prejudice.

10

R. Civ. P., to sufficiently plead her federal claims for hostile work environment, retaliation, and discrimination and finds that Plaintiff's state law claims are barred by Florida's peer review immunity statute.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants Edward White Hospital, Largo Medical Center, and Northside Hospital's Motion to Dismiss Amended Complaint (Doc. # 25) is **GRANTED.**

2. Defendant HCA's Motion to Dismiss Amended Complaint (Doc. # 26) is **GRANTED.**

3. Defendant Palms of Pasadena's Motion to Dismiss Amended Complaint (Doc. # 29) is **GRANTED.**

4. Counts I, II and III of Plaintiff's Amended Complaint are dismissed without prejudice and with leave to amend. Counts IV, V and VI of Plaintiff's Amended Complaint are dismissed with prejudice with the exception of ¶ 25 to the extent relevant thereto, which is dismissed without prejudice and with leave to amend. Plaintiff shall file her second Amended Complaint as to Counts I, II and III and ¶ 25 by October 18, 2010.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

12