UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. NEELAM UPPAL,

      Plaintiff,

vs.                   CASE NO.: 8:09-cv-634-T-33TBM

HOSPITAL CORPORATION
OF AMERICA, d/b/a HCA, INC.;
EDWARD WHITE HOSPITAL;
LARGO MEDICAL CENTER;
NORTHSIDE HOSPITAL & TAMPA
BAY HEART INSTITUTE; and
PALMS OF PASADENA,

      Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant
Palms of Pasadena's Motion to Dismiss Third Amended Complaint
(Doc. # 53), Defendants Edward White Hospital, Largo Medical
Center, and Northside Hospital's Motion to Dismiss Third
Amended Complaint (Doc. # 54), and Defendant HCA, Inc.'s
Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. #
55). Plaintiff Uppal filed an Opposition thereto (Doc. # 58).

Uppal's original Complaint was filed on April 6, 2009
(Doc. # 1). In response to that Complaint, Defendants Edward
White Hospital, Largo Medical Center, and Northside Hospital
filed a Motion to Dismiss, or in the Alternative, Motion for
More Definite Statement (Doc. # 14). Defendant Palms of

Pasadena also filed a Motion to Dismiss for Failure to Comply with Rule 8 of the Federal Rules of Civil Procedure and for Failure to State a Claim Upon Which Relief May Be Granted (Doc. # 13).  In response, Uppal filed a Motion For Leave to File an Amended Complaint and in Opposition to Defendants' Motion to Dismiss (Doc. # 18).  The Court granted leave to amend and denied the motions to dismiss as moot (Doc. # 21).

Uppal then filed her Amended Complaint (Doc. # 23), and Defendants all filed Motions to Dismiss (Docs. # 25, 26, 29). On September 27, 2010, this Court entered an Order granting the Motions to Dismiss and finding that Uppal had failed, pursuant to Rules 8(a) and 10(b), Fed. R. Civ. P., to sufficiently plead her federal claims for hostile work environment (Count I), retaliation (Count II), and discrimination (Count III) and that Uppal's state law claims (Counts IV, V and VI) were barred by Florida's peer review immunity statute.  The Order dismissed Counts I, II and III without prejudice and with leave to amend and dismissed Counts IV, V and VI with prejudice.

Uppal filed a Second Amended Complaint on October 18, 2010 (Doc. # 41).  On October 25, 2010, Uppal sought leave to amend her Second Amended Complaint, which the Court granted. On October 26, 2010, Uppal filed her Third Amended Complaint

2

(Doc. # 45).   Defendants now all move to dismiss the Third Amended Complaint for failure to state a claim.   For the reasons that follow, the Court finds that the motions are due to be **GRANTED** and the Third Amended Complaint should be dismissed with prejudice.

I.   <u>**Factual Background and Procedural History**</u>

This matter stems from a discrimination lawsuit filed by Dr. Neelam Uppal against four hospitals and the parent company of three of the hospitals, HCA.   The Third Amended Complaint contains the following Title VII claims: Count I - hostile work environment claim against Largo Medical Center and HCA; Count II - retaliation claim against Largo Medical Center and HCA; Count III - discrimination claim based on gender, race, and national origin against Largo Medical Center and HCA; Count IV - hostile work environment claim against Edward White Hospital and HCA; Count V - discrimination claim based on gender, race, and national origin against Edward White Hospital and HCA; Count VI - hostile work environment claim against Northside Hospital and HCA; Count VII - discrimination claim based on gender, race, and national origin against Northside Hospital and HCA; Count VIII - hostile work environment claim against Palms of Pasadena; Count IX - retaliation claim against Palms of Pasadena; and Count X -

3

discrimination claim based on gender, race, and national origin against Palms of Pasadena.

Uppal is a physician and resident of Pinellas County, Florida. According to her Third Amended Complaint, she was "appointed as an attending physician and was given privileges to admit and treat patients at Defendants, HCA Inc., Edward White Hospital, Largo Medical Center, Palms of Pasadena and Northside Hospital." (Doc. # 45 at ¶ 6). Uppal alleges that she was subjected to a hostile work environment and discriminated against on the basis of her gender, race and national origin and that she was retaliated against for complaining to Defendants regarding the unlawful discrimination and harassment.

## II.  Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

4

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). In all, determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

## III.  **Analysis**

Pursuant to Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

A.   <u>Discrimination Claims</u>

It is well settled that there are two types of discrimination actionable under Title VII: disparate treatment and disparate impact.  <u>Armstrong v. Flowers Hosp., Inc.</u>, 33 F.3d 1308, 1313 (11th Cir. 1994).   Disparate treatment was defined by the Supreme Court as occurring when:

> The employer simply treats some people less favorable than others because of their race, color, religion, sex or national origin.   Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment.  Undoubtedly disparate treatment was the most obvious evil Congress had in mind when it enacted Title VII.

<u>Int'l Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 335 n.15 (1977)(citations omitted).

The second type of Title VII discrimination, disparate impact, involves "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." <u>Id.</u> at 335.

Uppal, in this case, is asserting a disparate treatment case.  A prima facie case of discrimination is established by showing that "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her

protected class more favorably than she was treated; and (4) she was qualified to do the job." Burke-Fowler v. Orange Cnty., Fla. 447 F.3d 1319, 1323 (11th Cir. 2006)

Defendants argue that although Uppal has alleged factually that she is a female and Indian and that she was subjected to an adverse employment action at each of the Defendant hospitals, she has failed to allege with the plausibility required by Twombly and Iqbal that the hospitals treated similarly situated employees outside of her protected classes more favorably. This Court agrees.

Uppal's discrimination counts state in a conclusory fashion that other similarly situated employees not of Uppal's gender, race and/or national origin were not treated in the same way as Uppal. Third Amended Complaint, Doc. # 45 at ¶¶ 31, 41, 64, 84, 87, 89, 106, 135, 138, 152. Uppal does not allege any facts to support these conclusory allegations. See Iqbal, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). District courts frequently dismiss discrimination claims when the allegations of disparate treatment are nothing more than legal conclusions unsupported by any facts. See, e.g., Aiello v. Stamford Hosp. Inc., No. 3:09-cv-1161(VLB), 2010 WL 3925451, at *4 (D.

Conn. Sept. 29, 2010)("Plaintiff's disparate treatment claim fails to survive *Iqbal* pleading requirements as he fails to allege, beyond conclusory language, facts demonstrating ... how actions occurred under the circumstances giving rise to an inference of discrimination...."); Hogan v. Anasazi Found., No. CV-09-02379-PHX-NVW, 2010 WL 3724751, at *2 (D. Ariz. Sept. 17, 2010)(plaintiff's complaint "alleges only bare conclusions and no factual allegations that demonstrate favorable treatment was given to male employment applicants or male employees"); Mesumbe v. Howard Univ., 706 F. Supp. 2d 86, 92 (D.D.C. 2010)(Plaintiff "makes a conclusory allegation that similarly situated students of different national origin, ethnicity, and race have been treated differently and more favorably, but Plaintiff nowhere alleges that this disparate treatment was racially motivated. Without some allegation indicating the intent behind these disparate outcomes, Plaintiff cannot state a claim for intentional discrimination."); Curry v. Philip Morris USA, Inc., No. 3:08cv609, 2010 WL 431692, at *3 (W.D.N.C. Feb. 4, 2010)(plaintiff failed to allege specific facts explaining how the disparate treatment actually occurred or to identify the "similarly situated employees" outside of her protected class); Brown v. Costco Wholesale Corp., No. PJM 09-1062,

2009 WL 5170170, at *2 (D. Md. Dec. 18, 2009)(Plaintiff's "conclusory statement that non-African Americans have been treated more favorably, without more, is insufficient to state a cause of action for disparate treatment."); <u>Ansley v. Fla., Dep't of Revenue</u>, No. 4:09cv161-RH/WCS, 2009 WL 1973548, at *2 (N.D. Fla. July 8, 2009)(Plaintiff did not "allege a factual basis for the conclusion that the others who were treated better were similarly situated. ... These allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*. But now they do not.").

Uppal cannot merely invoke her gender, race and/or national origin in the course of a claim narrative and automatically be entitled to pursue relief.  Rather, Uppal must allege some facts demonstrating that gender, race and/or national origin was the reason for Defendants' actions. Uppal, however, has failed to allege any facts rendering it plausible that gender, race and/or national origin played any role whatsoever in Defendant's actions.  Rather, the generic factual allegations show workplace difficulties entirely consistent with non-gender, non-national origin and non-race-based personality disputes.  Such disputes are not actionable under Title VII.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949.  Accordingly, dismissal of Uppal's discrimination claims is warranted.

 B. <u>Hostile Work Environment Claims</u>

 To establish a prima facie case of hostile work environment sexual harassment under Title VII, a plaintiff must show that: (1) she belongs to a protected group, (2) she was subjected to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature, (3) the harassment was based on the sex of the plaintiff, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment, and (5) a basis for holding the employer liable.  <u>Mendoza v. Borden, Inc.</u>, 195 F.3d 1238, 1245 (11th Cir. 1999); <u>see</u> <u>also</u> <u>Harris v. Forklift Sys., Inc.</u>, 114 S. Ct. 367, 370 (1993) (quoting <u>Meritor Sav. Bank v. Vinson</u>, 477 U.S. 57, 67 (1986)).  If the environment would reasonably be perceived as abusive or hostile, Title VII is violated.  <u>Id</u>. at 370.

> Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment -- an environment that a reasonable person would find hostile or abusive -- is beyond Title VII's purview.  Likewise, if the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no Title VII violation.

Id.

Uppal has made a hostile work environment claim against each of the Defendant hospitals, claiming that each of the "Defendants, by and through Plaintiff's supervisors created and perpetuated a hostile work environment against the Plaintiff on the basis of her gender, race, national origin and retaliation." Third Amended Complaint, Doc. # 45 at ¶¶ 47, 95, 141, 193. Uppal, however, fails to state in the body of her hostile environment counts which of the facts alleged as to each hospital supposedly created a hostile work environment at that hospital and fails to allege any facts that gender, race and/or national origin played any role whatsoever in what Uppal perceived to be a hostile work environment.

To the extent that Uppal's hostile work environment claims are based on gender, race and/or national origin, the claims fail for the same reasons discussed in the previous section. Specifically, Uppal fails to identify any action or comment by any person at any of the Defendant hospitals that plausibly suggests intentional discrimination on the basis of Uppal's protected status.

To the extent that Uppal's hostile work environment claims are based on sexual harassment, there is a single

11

allegation as to Largo Medical Center[1] in which Uppal claims that her immediate supervisor, Dr. Paul Steele, "privately met with Plaintiff in a treating room and in that meeting, sat down next to Plaintiff and placed his arm around her in an unwelcomed sexual manner."  Third Amended Complaint, Doc. # 45 at ¶ 27.

The single, isolated instance in this case of putting an arm around Uppal "in an unwelcomed sexual manner" cannot constitute sexual harassment.  See Zimpfer v. Aramark Mgmt. Servs., LP, No. 2:10-CV-1236 TS, 2011 WL 2533021, at *4 (D. Utah June 24, 2011)("the isolated incident [of momentarily viewing co-workers engaged in sexual activity in a location plaintiff needed to access to perform his duties as a grounds worker] ... cannot be reasonably construed to support a pervasive sexual harassment claim"); see also Garriga v. Novo Nordisk Inc., No. 09-14232, 2010 WL 3037788 (11th Cir. Aug. 5, 2010)(affirming judgment against employee in a hostile environment claim involving sexual banter, constant leering at the employee, and a single instance when a supervisor "put his arm around" the employee in the parking lot of a

---

[1]Uppal has not identified any instance of sexual conduct or commentary at Edward White Hospital, Northside Hospital or Palms of Pasadena.

restaurant); <u>Minor v. Ivy Tech State College</u>, 174 F.3d 855 (7th Cir. 1999)(affirming judgment against employee in a claim involving a supervisor who once "put his arms around [the employee], kissed her, squeezed her, and said, 'Now, is this sexual harassment?'"). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998)(citations omitted).

Accordingly, Uppal has failed to state a claim for hostile work environment, and dismissal of Uppal's hostile work environment claims is warranted.

C.   <u>Retaliation Claims</u>

Title VII makes it unlawful "for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A prima facie case for retaliation in violation of Title VII requires proof that: (1) the employee engaged in statutorily protected activity; (2) the employee suffered a materially adverse employment action; and (3) there was a

casual connection between the protected activity and the adverse employment action. <u>Jones v. Flying J, Inc.</u>, 409 Fed. App'x 290, 2011 WL 149524, at *3 (11th Cir. Jan. 19, 2011).

While a plaintiff can state a claim for retaliation based upon opposition to conduct that is not actually unlawful, the plaintiff must have a "good faith, reasonable belief that the employer was engaged in unlawful employment practices." <u>Butler v. Ala. Dep't of Transp.</u>, 536 F.3d 1209, 1213 (11th Cir. 2008). "A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented. <u>Id.</u> "Where binding precedent squarely holds that particular conduct is not an unlawful employment practice by the employer ... an employee's contrary belief that the practice is unlawful is unreasonable." <u>Id.</u> at 1214.

Courts have consistently rejected retaliation claims where the underlying conduct is legally insufficient to show that the plaintiff's belief was objectively reasonable. <u>See id.</u> (finding unreasonable an employee's belief that racially offensive statements by a co-worker to someone else after a traffic accident away from work constituted an unlawful

14

employment practice of the employer); Harper v. Blockbuster Entm't Corp., 139 F.3d 1385 (11th Cir. 1998)(rejecting retaliation claim by Blockbuster employees who protested workplace policy against long hair for men, based on the "unanimity with which the courts have declared grooming policies like Blockbuster's non-discriminatory"); Van Portfliet v. H&R Block Mortg. Corp., 290 Fed. App'x 301, 2008 WL 3864439 (11th Cir. Aug. 21, 2008)(rejecting retaliation claim by employee who complained about a supervisor who placed his arm around another employee and asked "Why do you want to be with a loan officer like that when you can be with me?").

Following Iqbal, more recent district court decisions have found that if the underlying conduct, as pled in the complaint, does not raise a plausible inference of discrimination, then the plaintiff's belief that the underlying conduct was discriminatory is necessarily unreasonable, and, therefore, the plaintiff fails to state a claim for retaliation. See, e.g., Williams v. Time Warner Inc., No. 09 Civ. 2962(RJS), 2010 WL 846970, at *5 (S.D.N.Y. Mar. 3, 2010)("Plaintiff has alleged no facts rendering it plausible that the mistreatment she allegedly experienced was because of her race or sex. Accordingly, Uppal has pleaded

15

no facts rendering it plausible that her *belief* that she had been discriminated against was objectively reasonable."); Enadeghe v. Ryla Teleservices, Inc., No. 1:08-CV-3551-TWT, 2010 WL 481210, at *9 (N.D. Ga. Feb. 3, 2010)("While Plaintiff may not like the alleged noise or touching, there are no facts alleged in Plaintiff's Complaint to cause one to infer that the noise or touching occurred because of her sex. Moreover ... it was not objectively reasonable for Plaintiff to conclude that either was sufficiently severe or pervasive to constitute unlawful sexual harassment."); Zimpfer, 2011 WL 2533021, at *4 (dismissing retaliation claim because "no reasonable person could believe that the incident opposed by Plaintiff constituted a violation of Title VII").

Uppal alleges two counts of retaliation, one against Largo Medical Center and one against Palms of Pasadena. As discussed previously, Uppal has failed to plead any facts that would plausibly suggest discrimination against Uppal on the part of Largo Medical Center or Palms of Pasadena. Accordingly, Uppal's belief in the underlying discrimination is objectively unreasonable, and her retaliation claims must fail.[2]

---

[2]The Court notes that Uppal also fails to allege that "the decision-makers were aware of the protected conduct" in

The Court notes that Uppal does not request leave to amend her Third Amended Complaint, and "[a] district court is not required to grant a plaintiff leave to amend [her]

---

order to establish a casual connection between Uppal's engagement in statutorily protected expression and an adverse employment decision. Alansari v. Tropic Star Seafood Inc., No. 09-12714, 2010 WL 2853652, at *2 (11th Cir. July 22, 2010); see also Clover v. Total Sys. Servs., Inc., 176 F.3d 1346, 1354 (11th Cir. 1999). In addition, disciplinary actions against Uppal preceded her complaints of discrimination. When the allegedly retaliatory adverse employment actions "were both part, and the ultimate product, of 'an extensive period of progressive discipline'" which began long prior to the plaintiff's protected activity, "an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001); see also Hervey v. Cnty. of Koochiching, 527 F.3d 711, 723 (8th Cir. 2008)("Evidence that the employer had been concerned about a problem before the employee engaged in the protected activity undercuts the significance of the temporal proximity."); Wofsy v. Palmshores Ret. Cmty., 285 Fed. App'x 631, 2008 WL 2747025, at *4 (11th Cir. July 16, 2008)("Because Wofsy received warnings months before he made his request for accommodation that his hours and position could change if he did not accept the new driver position, Wofsy failed to establish a causal connection between his demotion and his request."); Weston-Brown v. Bank of Am. Corp., 167 Fed. App'x 76, 2006 WL 14583, at *6 (11th Cir. Jan. 4, 2006)("[The supervisor's] desire to wait until he received the final reports and all the facts before he carried out his plan of removing [the employee] ... is not evidence of causation merely because he carried out his pre-complaint decision after [the employee] filed her complaint."); Graham v. Gonzales, 157 Fed. App'x 139, 2005 WL 3159626, at *2 (11th Cir. Nov. 29, 2005)(no causation when, after the employee filed her complaint, the employer "made the same decision for substantially the same reason as it had made before she filed the complaint," since it is "difficult to imagine how the EEO complaint had any appreciable effect on the second decision if that decision was identical to the first one").

17

complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002). Even if Uppal had requested leave, the Court would have denied leave to amend because Uppal has already filed four versions of her Complaint without success. See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989)(district court's discretion to deny leave to amend a complaint is "especially broad" where the plaintiff already has had one or more opportunities to amend her complaint). "The permissible reasons that can justify denial of leave to amend include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [, and] futility of amendment ....'" See Pioneer Metals, Inc. v. Univar USA, Inc., 168 Fed. App'x 335, 2006 WL 353465 (11th Cir. Feb. 16, 2006)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Further opportunity to amend would cause Defendants undue prejudice and likely would be futile.

IV. **Conclusion**

Based on the forgoing analysis, the Court finds that Uppal has, pursuant to Rule 12(b)(6), Fed. R. Civ. P.,

failed to state claims for discrimination, hostile work environment or retaliation against Defendant hospitals.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Palms of Pasadena's Motion to Dismiss Third Amended Complaint (Doc. # 53) is **GRANTED**.

2. Defendants Edward White Hospital, Largo Medical Center, and Northside Hospital's Motion to Dismiss Third Amended Complaint (Doc. # 54) is **GRANTED**.

3. Defendant HCA, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. # 55) is **GRANTED**.[3]

4. Plaintiff's Third Amended Complaint (Doc. # 45) is dismissed with prejudice.

5. The Clerk is directed to enter a judgment of dismissal in favor of Defendants and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of July, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[3]Because the Court finds that Uppal has failed to state a claim upon which relief can be granted, it need not address HCA's argument that Uppal has failed to exhaust her administrative remedies as required under Title VII, 42 U.S.C. § 2000(e), et seq.